*CHARLES H. BRYAN, RESPONDENT, v. JOHN [349]
SHARP AND WILLIAM MOULTON, IMPLEADED
WITH HIRAM H. HACKNEY et al. APPELLANTS.

JUDICIAL SALE—TITLE OF PURCHASER.—A conveyed to B, and allowed part of the
   purchase money to remain unpaid; B afterwards sold part of the land to C, who
   had no notice of A's lien as vendor, and gave a mortgage to B for part of the
   purchase money. A obtained judgment against B for the unpaid purchase
   money, and levied upon and sold B's interest in the land. *Held*, that the pur-
   chaser at Sheriff's sale did not acquire title to the mortgage debt due from C to B.

APPEAL from the Tenth Judicial District.

*F. J. Dunn*, for Appellant.

*Bryan & Field*, for Respondent.

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. J. HEYDENFELDT concurred.

The plaintiff filed his bill to enforce a lien claimed by
him as the purchaser at Sheriff's sale of a tract of land
owned by the defendant.

The facts, as they appear by the finding of the Court, are
these: John A. Sutter sold to Hackney & McCullough a
tract of land lying in Yuba County, and executed to them a
deed, bearing date the 3d of April, 1850. All the purchase
money was not paid at the time of sale. On the 9th of Jan-
uary, 1851, Hackney sold to McCullough one-fourth of said
land, taking a mortgage upon the same. On the 27th of
January, 1852, McCullough sold the undivided half of said
land to one Sharp, and took a mortgage for the purchase
money; and $2,000, or thereabouts, were due upon said
mortgage from Sharp to McCullough, at the time of the
plaintiff's purchase.

Sutter commenced his action on the 26th of February, 1851,

[350]    * against Hackney & McCullough, for the remainder
        of the purchase money, and recovered a judgment
against them on the 20th of April, 1852.

Execution was issued and levied upon the premises in
controversy, and the plaintiff became the purchaser, at the
amount of the judgment and costs.

The plaintiff now claims not only the interest of Hackney
& McCullough in said land, but the two thousand dollars
due from Sharp to McCullough upon said mortgage.

It is difficult to see on what ground this claim can be jus-
tified. The plaintiff purchased all the right, title and inte-
rest of the defendants Hackney & McCullough, to the said
lands. How could this affect any past sale or transfer, so
far as the present plaintiff was concerned? By the sale, he
took the property conveyed by Sutter, less the half interest
conveyed to Sharp; the other defendants had parted with
the legal title by deed to Sharp. McCullough had no other
interest in the property than merely as a security to enforce
the payment of the purchase money.

It is claimed that Sutter had a vendor's lien upon the land
sold, and that the present plaintiff, as the purchaser at
Sheriff's sale, is substituted to all of Sutter's rights.

It is true Sutter had a lien on the premises; but that
lien only gave him the right to look to it for the purchase
money. So long as it did not pass into the hands of inno-
cent purchasers without notice, his claim against the de-
fendants was fully satisfied. The purchaser was not substi-
tuted to any new or extraordinary rights, but stands pre-
cisely as ordinary purchasers.

We do not know of any case in which such a claim has
ever been maintained. We are fully of the opinion the
plaintiff's purchase did not carry with it any interest in the
mortgage from Sharp to McCullough. The Court should
have dismissed the bill for want of equity upon its face; and
its refusal to do so, as well as the subsequent proceedings
in the case, are erroneous.

**Judgment reversed with** costs

*On a re-argument of this case, Mr. J. HEYDEN-  [351]
FELDT delivered the opinion of the Court. Mr. Ch.
J. MURRAY and Mr. J. WELLS concurred.

The plaintiff's purchase at Sheriff's sale gave him the
rights in the land of the defendants, Hackney and McCul-
lough, and nothing more.

If the purchase money, at Sheriff's sale, satisfied the
claim of Sutter, it made the purchase more valuable to the
purchaser, because then Sutter's claim was paid, and his
lien gone; otherwise his lien would still remain.

The complainant could not buy at Sheriff's sale a mort-
gage; that is only a security for a debt. He could only
have bought the equity of redemption.

Our attention has been called to a stipulation between the
parties. We have examined it, but cannot see that it can
have any effect under the views we have taken.

The judgment is reversed, and as the bill has no equity,
it must be dismissed.